(Reap. Dec. 9490)

PENSON & COMPANY *v.* UNITED STATES

Entry No. 954983.

(Decided August 12, 1959)

*Siegel, Mandell & Davidson* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the Appeal to Reappraisement enumerated above consists of wool yarns which were entered on the basis of the C.I.F. price to which the importer voluntarily added the so-called 1.01% appraisement tax applicable in France.

IT IS FURTHER STIPULATED AND AGREED that the merchandise was appraised as entered, i.e., on the basis of the C.I.F. price at $4.20 per pound net packed.

IT IS FURTHER STIPULATED AND AGREED that the proper dutiable value for said merchandise is the export value as defined in Section 402(d) of the Tariff Act of 1930 and that said export value is the entered value less items shown on the invoice for "United States duty ad valorem," "United States duty specific" and charges for "transport freight" relating to ocean freight, "customs brokerage" and "Consular fees". Consular invoice No. 3720 certified at Paris on August 18, 1953 embodies these deductions and was filed with the entry prior to appraisement and inadvertently overlooked.

IT IS FURTHER STIPULATED AND AGREED that the home market value as defined in Section 402 of the Tariff Act of 1930 was no higher.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted on the foregoing stipulation.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for determining the value of the involved merchandise, and that such value is the entered value, less items shown on the invoice for "United States duty ad valorem," "United States duty specific" and charges for "transport freight" relating to ocean freight, "customs brokerage," and "Consular fees."

Judgment will be entered accordingly.